## STINSON v. MOBLEY et al.
No. 28360. March 14, 1939.

Dolman, Dyer & Dolman, for plaintiff in error.

J. B. Moore and S. A. George, for defendants in error.

DAVISON, J. The present action was commenced by the plaintiff to recover a money judgment against the defendants for rent alleged to be due by reason of the occupancy of his building by the defendant Dr. Pepper Bottling Company of Ardmore, Okla. Before the trial of said cause it had resolved itself into an action to determine the respective interests of the individual litigants in said Dr. Pepper Bottling Company.

The interests of the organizers of said company were described in a contract between them, but the parties here involved have tried the cause upon the theory that their proportionate interests in said company should be determined by the relative amounts of cash invested therein.

The company seems to have been organized with the idea of incorporating, but, though it received a charter, no corporation stock was ever issued prior to the commencement of this action.

One of the issues at the trial was whether the plaintiff or the defendant Miss M. E. Stinson had become the owner of the interest of one A. L. Cochran, who was one of the parties to the original organization contract and who had invested cash in the sum of $1,000 in the company. We find it unnecessary to decide this question and will treat the two conflicting claims as if the evidence supported the plaintiff's claim on this question.

After the various parties had introduced their evidence as to the various investments, the case was submitted to the jury, who returned a verdict that "Gerald F. Mobley is the owner of the A. L. Cochran interest and that Miss M. E. Stinson is entitled to ten (10) per cent. of the capital stock, to be issued by the Dr. Pepper Bottling Company of Ardmore, Oklahoma." Upon this verdict, the trial court entered its judgment in said cause. The court's findings of fact appear in the following paragraph of the journal entry of judgment, to wit:

"The court for its findings of fact adopts the verdict of the jury rendered herein, and finds that the defendant M. E. Stinson has advanced funds in the amount of $2,-

500 to the Dr. Pepper Bottling Company, which the court finds to be a corporation of Ardmore, Oklahoma. The court finds that the plaintiff, Gerald F. Mobley, obtained and became the owner of the interest of A. L. Cochran in the Dr. Pepper Bottling Co., and that he advanced certain sums of money to the corporation, and satisfied all the claims of the defendant V. B. Roberts, and that the defendant J. R. Robinett furnished the machinery and equipment for the operation of said company, and also advanced other moneys and that he also acquired whatever interest I. M. Putnam had in and to said property. The court finds that there has been a total amount advanced in money and property to the said corporation of about $25,000."

Upon the above findings, the court decreed that the defendant M. E. Stinson was entitled to 10 per cent. and that the plaintiff and the defendant Robinett were entitled to 90 per cent. of the capital stock to be issued by the defendant Dr. Pepper Bottling Company.

The defendants Miss M. E. Stinson and Earl Q. Gray excepted to said judgment and all of the court's findings except as to the corporate existence of the Dr. Pepper Bottling Company. Of these two parties, only Miss Stinson has filed a brief herein. For this reason we will hereinafter refer to her as the appellant and to the plaintiff, Mobley, and the defendant Robinett as the appellees.

There being no contest between Mobley and Robinett, this cause is submitted to this court on but one principal question, namely: Is the appellant, Miss Stinson, entitled to a larger proportion of the capital stock of the Dr. Pepper Bottling Company than the trial court decreed? Since it is conceded that this court will not disturb the findings and judgment of the trial court in a cause of equitable cognizance (such as the present one) unless the same are against the clear weight of the evidence, the issue submitted thus resolves itself into the following question: Was the finding and judgment of the trial court that Miss Stinson was entitled to no more than 10 per cent. of the capital stock against the clear weight of the evidence?

The appellant asserts that the evidence shows that she has invested $3,338.65 in the company and that the appellees have invested less than $7,140.08. On the basis of these figures, she insists that she is entitled to 32 per cent. of the company's stock. The appellees both at the trial and in their briefs concede that the appellant has invested $2,500 in the company, but they say that this figure represents the maximum amount of her investment.

If the evidence supports the appellees' claim that the size of their investment amounts to between $22,000 and $23,000, while the appellant's investment is not more than $2,500, then it would appear that the trial court's judgment is approximately correct. If the evidence does not support this claim, then it should be set aside and vacated.

The appellees' asserted joint investment includes an item of $4,450 or $4,456 which the appellee Robinett first testified that he had advanced in cash for the company's benefit. This sum was said to have consisted of two loans of $1,956 or $1,950 and $1,500, respectively, which he procured on insurance policies and a loan of $1,000 which he procured from one O. T. Tilley. On cross-examination, Robinett admitted that approximately $2,000 of these borrowed funds went to pay personal debts of his own. While it is true that there is an additional item of $745.82 which Robinett testified the company owed him as unpaid salary for his services as manager and which he now seems to be claiming, not as a debt of the company, but as an advancement to it, yet if he were allowed to substitute this amount as a claimed investment for the approximate $2,000 he originally listed as a part of his investment in the company and which he later admitted went to pay personal debts, the value of his and Mobley's joint investment in the company still would not equal the asserted sum of between $22,000 and $23,000. As it was necessary for the proof to show that their investment totaled that sum in order to correctly find that the appellant's investment amounted to only 10 per cent. of the sum of $25,000, which was found to be the total amount of capital invested in all three of the interests, it is unnecessary to go into the numerous other discrepancies or deficiencies which the appellant alleges.

In an effort to show that even with the admitted shortages the appellees' investment still may have equalled 90 per cent. of the total capital investment, our attention is called to the value of the Dr. Pepper franchise for which the appellee Mobley now claims credit through his purported title to the interest of A. L. Cochran, one of the original organizers. As the parties tried the cause upon the theory that their interests should be determined upon the basis

470

of the amount of capital invested, we cannot consider the value of the franchise, for it was not proved that said franchise represented a cash investment or necessitated any cash disbursement or money consideration. In their brief the appellees assert that by putting a reasonable value on the franchise, the amount of property and money contributed to the company will aggregate $25,000, but such an assertion overlooks the fact that there was no evidence whatsoever upon which to base a finding of "reasonable value" of the franchise.

We have reached the conclusion that the judgment of the trial court is erroneous by finding from a review of the evidence that such a large deficiency exists in one of the sums necessary to sustain the trial court's adjudication as to the ratio between the conflicting interests that it appears that the same cannot be supplied by any surplus which might justly be fabricated from any of the other items. In merely deciding that the judgment is against the clear weight of the evidence we are not overlooking the fact that in equity cases it is within the discretion of this court to go further and, upon the evidence presented, render the judgment which the trial court should have rendered. We decline to do this in the present case, however, because it would be difficult if not impossible to do so upon a record such as is here presented, without running the risk of a substantial miscarriage of justice.

Another error of the trial court which the appellant specifies in this appeal pertains to the sustaining of a demurrer to her application for the appointment of a receiver to take charge and manage the affairs of the Dr. Pepper Bottling Company pending the final determination of her appeal. While there seems to be merit to the argument advanced in support of this specification of error, the question presented becomes "moot" with the rendition of this decision, for the period for which a receiver was asked is at an end. See, generally, Wallace v. McClendon et al., 144 Okla. 39, 289 P. 354; Posey v. Brown, 172 Okla. 568, 44 P.2d 100. Therefore we express no opinion on the sufficiency of the appellant's application for the appointment of a receiver.

In accord with the views herein expressed, the judgment of the trial court is reversed and said cause is remanded to said court, with instructions to set aside its order denying the appellant a new trial herein and to enter an order sustaining the appellant's motion for a new trial.

BAYLESS, C. J., and CORN, HURST, and DANNER, JJ., concur.